# EXHIBIT A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Brian Myers <br> **ADDRESS:** | | **COUNTY** Berkshire |
| | **DEFENDANT(S):** | Bunn O Matic Corporation |
| **ATTORNEY:** Scott A. Sanes, Esq. <br> **ADDRESS:** 785 Main Street <br> Great Barrington, MA 01230 | | **ADDRESS:** C/O Corporation Service Company <br> 84 State Street <br> Boston, MA 02109 |
| **BBO:** 568757 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Personal Injury | F | [X] YES   [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   [ ] YES   [X] NO
Is this a class action under Mass. R. Civ. P. 23?   [ ] YES   [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................................. $676,000.00
2. Total doctor expenses ..................................................................................................... $
3. Total chiropractic expenses ............................................................................................ $
4. Total physical therapy expenses ..................................................................................... $
5. Total other expenses (describe below) .......................................................................... $
   Subtotal (A): $

B. Documented lost wages and compensation to date ....................................................... $
C. Documented property damages to date ......................................................................... $
D. Reasonably anticipated future medical and hospital expenses ..................................... $
E. Reasonably anticipated lost wages ................................................................................. $
F. Other documented items of damages (describe below) ................................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury: Burns to left foot and ankle

TOTAL (A-F): $ 676,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $

Signature of Attorney/ Unrepresented Plaintiff: X  *(signed)*   Date: 9/5/25

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *(signed)*   Date: 9/5/25

COMMOWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

Berkshire, ss.                                                CIVIL ACTION NO.

Brian Myers )
    Plaintiff, )
v. )  **COMPLAINT**
 )  **Jury Trial Demanded**
Bunn O Matic Corporation, )
    Defendant. )

## Parties

1. The Plaintiff, Brian Myers is a resident of Berkshire County in the Commonwealth of Massachusetts.

2. The Defendant, Bunn O Matic Corporation, is an Illinois Corporation that does business in Massachusetts and can be served with this lawsuit through Corporation Service Company located at 84 State Street, Boston, MA 02109.

## Venue and Jurisdiction

3. Venue and jurisdiction are appropriate in the Superior Court of Berkshire County because the incident complained of occurred in Berkshire County and the damages suffered by your Plaintiff exceed the jurisdictional minimals of this honorable court.

## Facts

4. It has become necessary to bring this lawsuit by reason of injuries and damages sustained by Plaintiff on or about on or about June 30, 2024. On or about that date, Plaintiff was working in the course and scope of his

employment for Dunkin located at 494 Main Street in Great Barrington, Massachusetts. As part of his duties, Plaintiff was required to remove commercial coffee carafes, "server" from under a "brewer", from the shelve for purposes of cleaning. The subject server and brewer were designed, manufactured, sold and placed into the stream of commerce by Defendant and has been identified as BUNN Model: SH Server, 1.5G/5.7L INF Series RGB (DD), Part No.: 27850.0209 and a brewer consistent with server's compatible brewer, Bunn ICB Infusion Series Soft Heat Coffee Brewer (Part No.: 51100.0100). On the occasion in question, Plaintiff attempted to remove the server off the shelf from under a brewer to clean, but it was stainless steel with no slip resistant surface, nor usable handle, nor locking lid. As a proximate result of these product defects, the server slipped out of Plaintiff's hands, slammed on the counter and tipped over spilled scalding hot coffee onto Plaintiff's left foot and ankle causing 3rd degree burns which eventually became infected, requiring medical care and eventual skin graft and which has left Plaintiff with permanent and progressive impairment and disfigurement.

## Count I
### Negligence of Defendant

5. Your Plaintiff repeats and reavers the allegations of Paragraphs 1 through 4 of this complaint as if set out in full herein. Defendant knew, or in the exercise of reasonable care should have known, that the subject server was not reasonably safe. However, Defendant failed to take reasonable and

2

appropriate steps to remedy the problem. The corporate defendant owed and breached a duty to reasonably and safely design, manufacture, sell, supply, and market the server in question. The server in question was designed, manufactured, sold, supplied, installed, and/or marketed in a negligent and defective condition. Specifically, Defendant knew and represented that the subject server allows for the portable storage and dispensing at remote locations, but Defendant did not provide an adequate, safe method of lifting and carrying the server which was known to the Defendant to contain scalding liquid. Furthermore, the instructional material and/or warnings were insufficient in its describing or warning of how to safely lift the server from the standing position under the brewer since the handle could not be sufficiently raised when lifting the subject server from that position. The failure of the defendant to remedy the unreasonably dangerous design and failure to instruct or warn the user on how to safely lift the server from a position under the brewer was negligent and was a proximate cause of the incident in question and Plaintiff's injuries, and Plaintiff's damages.

## Count II

### *Products Liability-Design Defect and Marketing Defect*

6. Your Plaintiff repeats and reavers the allegations of Paragraphs 1 through 5 of this complaint as if set out in full herein. The server in question, and/or its component parts, was originally designed, manufactured, and placed into the stream of commerce by the Defendant. At the time the server in question was

3

Myers Lawsuit

sold, the Defendant was in the business of designing, manufacturing, and selling servers and/or component parts, such as the one in question. At the time the server was designed, manufactured, and placed into the stream of commerce by the Defendant, it was defective in design and unreasonably dangerous, as it failed to incorporate a safe method of lifting the server from the position under the brewer as would be expected to protect persons similarly situated to your Plaintiff. A safer alternative design existed other than the one used, including handle systems and anti-slip materials that would not adversely affect the use of the subject server based on the foreseeable and inevitable need to clean it. At the time of the subject incident, the server's defective design caused the server to un-expectantly slip and fall from Plaintiff's grasp when Plaintiff was trying to remove the server from under the brewer in a manner reasonably expected by ordinary users of such server. The defective and unreasonably dangerous design of the server, and specifically the lack of a secure method of lifting the server from under the brewer, was a producing cause of the subject incident and Plaintiff's damages. The subject server was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics. At the time of the incident, the subject server was in substantially the same condition as it was at the time Defendant placed it into the stream of commerce. No one made any material alteration to the subject server from the date of manufacture until the date of the subject incident. At the time the

Defendant marketed and placed the subject server into the stream of commerce, it did not have adequate instructions nor warnings of the server's dangers that were known, or should have been known, by the Defendant. The Defendant marketed their server as safe. The Defendant failed to adequately instruct or warn its server users on a safe method of removing the server from under the brewer. The Defendants' inadequate marketing was a producing cause of the incident and Plaintiff's damages.

## Damages

7. Your Plaintiff repeats and reavers the allegations of Paragraphs 1 through 6 of this complaint as if set out in full herein.

8. In the occurrence in question, your Plaintiff was proximately caused to suffer all legal elements of damage recognized under the Statutes of the Commonwealth of Massachusetts. Your Plaintiff suffered, without limitation, physical pain, mental anguish, impairment, disfigurement, and reasonable and necessary medical expenses, loss of earnings and earning capacity, all in the past and all anticipated to continue into the future for which he seeks reasonable and full compensation in an amount beyond the jurisdictional minimals of this honorable court and to be determined under the sound discretion of a jury of his peers.

WHEREFORE, premises considered, the Plaintiff requests that the Defendant be served with process and be required to answer herein. That he have a trial by jury. That she be awarded compensatory damages as prayed for in amounts to be determined under the sound discretion of a jury of her peers. That he have a judgment against the Defendant for the full amount of his damages,

together with his costs, pre and post judgment interest as prescribed by the laws of the Commonwealth and for whatever relief, whether in equity or at law, to which he is entitled and for which he will ever pray.

                Respectfully Submitted by

                Plaintiff, Brian Myers
                By his Attorney,
                Law Offices of Scott A. Sanes

                Scott A. Sanes, BBO #568757
By:        785 Main Street
                Great Barrington, MA 01230
                Tel: (413) 429-6400
                Fax: (413) 779-2535
                Email: scott@scottsaneslaw.com

Dated: September 2, 2025